SARAH H. TEBBETTS *vs.* HAMILTON MUTUAL INSURANCE COM-
PANY.

If an application for insurance is expressly made a part of the policy, and a warranty on
the part of the insured, and contains a clause inserted after the printed questions by which
the applicant "covenants and agrees with said company that the foregoing is a correct
statement and description of all the facts inquired for, or material in reference to this
insurance," and the by-laws, which are also expressly made a part of the policy, provide
that "unless the applicant for insurance shall make a correct description and statement
of all facts required, or inquired for in the application, and also all other facts material
in reference to the insurance, or to the risk, the policy issued thereon shall be void," the
applicant must be held to warrant that all facts inquired for are correctly given, whether
material or not; and the omission to mention several buildings within one hundred feet
of the property insured, in reply to a question, "What is the distance of said building
from other buildings within one hundred feet, and how are such other buildings con-
structed and occupied? Annex a ground-plan to the application;" will avoid the
policy.

CONTRACT upon a policy of insurance. At the trial in this
court, before *Hoar*, J., a verdict was returned for the plaintiff,
and the defendants alleged exceptions. The facts are stated in
the opinion.

*B. F. Butler & J. W. Perry*, for the defendants.

*R. B. Caverly*, for the plaintiff, cited *Campbell* v. *Merchants
& Farmers Ins. Co.* 37 N. H. 35 ; *Hall* v. *People's Ins. Co.* 6 Gray
185 ; *Allen* v. *Charlestown Ins. Co.* 5 Gray, 384 ; *Fletcher* v.
*Commonwealth Ins. Co.* 18 Pick. 419 ; *Elliott* v. *Hamilton Ins. Co.*
13 Gray, 139 ; *Liscom* v. *Boston Ins. Co.* 9 Met. 205.

HOAR, J. The application upon which the policy of insur-
ance was obtained contained this interrogatory : " What is the
distance and direction of said building (*i. e.* the building con-
taining the property to be insured) from other buildings within
one hundred feet, and how are such other buildings constructed
and occupied? Annex a ground-plan to the application." The
answer was, " See diagram " ; and a description of the neighbor-
ing property, containing these words, " East, Prescott Street."
Prescott Street was laid down on the diagram. On the opposite
side of Prescott Street, and within the one hundred feet, were
several buildings, and among them three wooden carpenters'

26 *

shops, which were neither represented on the diagram nor mentioned in the answer. The jury found that these buildings were not material to the risk; and the question presented for our decision is, whether the omission to disclose these buildings is a bar to the plaintiff's recovery upon the policy?

The application and the by-laws of the company are expressly made a part of the policy of insurance, a copy of the by-laws being appended to it; and the defendants rely upon the stipulations which they contain. By the 6th article of the by-laws, " the application upon which a policy is founded shall be held to be a warranty on the part of the assured, and as absolutely a part of said policy and of the contract of insurance, as if it were actually incorporated therein in full."

The 13th article of the by-laws provides, that, " unless the applicant for insurance shall make a correct description of and statement of all facts required, or inquired for in the application, and also all other facts material in reference to the insurance or to the risk, or to the value of the property, the policy issued thereon shall be void."

The application contains an agreement that every question shall be fully and distinctly answered; and at the end of it are these covenants, among others: " And the applicant covenants and agrees with said company that the foregoing is a correct statement and description of all the facts inquired for, or material in reference to this insurance." " The applicant further agrees that the misrepresentation or suppression of material facts shall destroy his claim for a damage or loss."

It is also stipulated in the application, that " if any interrogatories are not fully answered in writing by the applicant, it is assumed that the facts in relation to them are *most* favorable to the title and to the risk, and they are so construed in writing the policy."

It is apparent, in the first place, that the answer to the interrogatory in the application does not " make a correct description of and statement of all facts required, or inquired for in the application." The interrogatory is not in terms confined to such buildings within one hundred feet as are material to the risk

It embraces all buildings within the distance named, and in-
quires as to their construction and occupation. It appears,
therefore, that the defendants directly required the information
included in the terms of the question. Whether a jury might
think it material to the risk could be of no consequence, if the
defendants chose to make it a condition of the validity of the
contract. Although policies of insurance are to be liberally
construed, and in such a manner as to secure, if possible, the
protection which they are designed to afford, it is not in the
power of the court to disregard stipulations which the parties
have expressly made. And if, taking the whole instrument
together, it is obvious that the defendants have made the strict
and literal exactness of the answers to certain questions a con-
dition of the contract, and a warranty on the part of the insured,
they cannot be deprived of the advantage thus secured. They
have a legal right to say, "We choose to determine for our-
selves what is or is not material; and to base our contract upon
such information as the insured is required to communicate in
answer to specific interrogatories." *Davenport* v. *New Eng-
land Ins. Co.* 6 Cush. 340. *Miles* v. *Connecticut Ins. Co.* 3
Gray, 580.

If the express warranty of the correct statement of the facts
inquired for, according to the 13th article of the by-laws, were
qualified by any other agreement or clause, as in the case of
*Elliott* v. *Hamilton Ins. Co.* 13 Gray, 139, so that we could find
upon the whole instrument that the parties intended to limit the
extent to which the insured should be held responsible for the
accuracy of the answers given, we should gladly apply the rule
of construction which that case declares. But the cases are
wholly different. In that case the insured agreed that the de-
scription of the property contained in his answers was correct
only so far as regarded "the condition, situation, value, title
and risk on the same." Here that agreement is omitted, and in
its place is inserted the explicit and stringent covenant, that
"the applicant covenants and agrees with said company that
the foregoing is a correct statement and description of all the
facts inquired for, or material in reference to this insurance."

We think the only fair interpretation of this is, that the insured warrants that all the facts inquired for are correctly given, and all other facts material to the risk, even if not inquired for. The provision, that "the misrepresentation or suppression of material facts shall destroy his claim for a damage or loss," cannot qualify the previous covenant, because it can have its full effect consistently with it. The answers might fail to give the information inquired for, and yet no material fact be misrepresented or suppressed. On the other hand, the answers might be complete and true, and material facts not embraced in the interrogatories might be incorrectly represented or purposely omitted.

The result to which we have come upon this part of the case renders it unnecessary to consider the other questions discussed in the argument, which arise on the report, and some of which are of considerable difficulty. The point decided is conclusive against the plaintiff's right to recover. The verdict must be set aside, and a *New trial granted.*